[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is an action brought by the plaintiff Henry Romanofsky against the defendants the Board of Selectman of the Town of Colchester. The plaintiff seeks writs of mandamus ordering the defendants to repair and maintain an accepted town road that terminates at the plaintiff's property.
In the plaintiff's amended complaint he alleges the following. The plaintiff is the owner of real estate at the eastern terminus of Van Cederfield Road in Colchester, Connecticut. On October 14, 1987, the residents of the Town, CT Page 8468 at a special town meeting, authorized the Board to accept all the roads within the so-called Mountain Laurel subdivision, including Van Cederfield Road, as part of a legal settlement with the Town. The defendants have failed to discharge their statutory and common law duty to keep and maintain all town accepted roads in a reasonably safe condition for public travel and Van Cederfield Road is not maintained in any manner, making it unfit to be used as a road or highway. The plaintiff repeatedly demanded that the defendants to maintain the road in good and sufficient repair.
The plaintiff seeks writs of mandamus ordering the defendants to maintain and repair Van Cederfield Road so as to make it reasonably safe for public travel, as well as to provide the plaintiff with reasonably safe access to and from his property.
The defendants have moved to strike the plaintiff's request for mandamus on the grounds that the plaintiff has not alleged: (1) that the defendants have failed to perform a non-discretionary duty, (2) that the plaintiff has a clear legal right to the performance of any duty by the defendants, and (3) that the plaintiff lacks an adequate alternative remedy.
The plaintiff claims that the maintenance of town roads is a ministerial function and that as a matter of law towns are required to keep their roads and highways in a reasonably safe manner pursuant to General Statutes § 7-12 and Connecticut common law. Finally, the plaintiff claims that there is no adequate remedy at law.
Under section 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of anyone or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint . . ."
When ruling on a motion to strike, "a trial court must take the facts to be those alleged in the complaint . . ."Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). The court must construe the facts in the complaint most favorably to the pleader. Novametrix Medical Systems, Inc.,v. BOC Group, Inc. 224 Conn. 210, 215 (1992). This includes CT Page 8469 the facts necessarily implied and fairly provable under the allegations. Westport Bank Trust Co., v. Corcoran, Mallin Aresco, 221 Conn. 490, 495 (1992).
The Supreme Court has noted that a request for a writ of mandamus is "an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits." Sterner v. Saugatuck Harbor YachtClub, Inc., 188 Conn. 531, 533 (1982). "The essential conditions without which the writ will not be issued to enforce the performance of a ministerial duty are: (1) that the party against whom the writ is sought must be under an obligation imposed by law to perform some such duty, that is,a duty in respect to the performance of which he may notexercise any discretion; (2) that the party applying for the writ has a clear legal right to have the duty performed; and (3) that there is no other sufficient remedy." (Emphasis added; internal quotation marks omitted). Id. 534.
The dispositive issue in their matter is whether the maintenance of town roads or highways is a discretionary or ministerial function. As the Sterner three-part test demonstrates, the plaintiff can not seek issuance of writs of mandamus for acts which are ministerial in nature. Nowhere in plaintiff's complaint does the plaintiff allege that the maintenance or repair of Van Cederfield Road is a ministerial act. The plaintiff merely alleges throughout the complaint that the defendants have a duty under common law and General Statutes § 7-12 to "keep the Town accepted roads in a reasonably safe condition for public travel." (Count 1, paragraph 7).
As a matter of law, "[a] municipality has discretion in maintaining, repairing, and restoring public roads." Maier v. Tracy, Superior Court, JD of Danbury, DN. 301766 8 Conn. L. Rptr. 418 (February 25, 1993) (Fuller, J.) While municipalities may be exercising a public duty in keeping roads safe, "[i]n the performance of such duty they are necessarily the final judges of the needs of the public and of the manner in which such highways should be maintained and repaired, unless by statute their action may be reviewed by the courts or some other tribunal." Rudnyai v. Harwinton, 79 Conn. 91, 94 (1906).
The plaintiff's reliance on § 7-12 to support his claim CT Page 8470 that repair of municipal roads is a ministerial function is misplaced. The statute merely states the general duties of members of boards of selectmen and says nothing specifically about repair or maintenance of town roads.
In addition, the plaintiff's complaint fails to state that the plaintiff is without any other sufficient remedy as required under the third part of the Sterner test. The defendants correctly point to General Statutes § 13a-103 which outlines a procedure by which a person may contest the maintenance of a town road.
For the above stated reasons, defendants' motion to strike the plaintiff's request of mandamus is granted.